## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TAMMY BLISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-21-0048-R |
| | ) | |
| CHANGE HEALTHCARE | ) | |
| OPERATIONS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss for *Forum Non Conveniens* or, in the alternative, for Lack of Personal Jurisdiction (Doc. No. 5). The record reflects that Plaintiff has not responded to the motion within the time limits prescribed by the Court's rules, nor has she sought an extension of time in which to respond.

Pursuant to Local Civil rule 7.1(g), "Each party opposing a motion shall file a response within 21 days after the date the motion was filed. Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." Despite this rule, the Court is leery of applying this local rule when the Tenth Circuit has rejected a similar rule's application in the context of motions for summary judgment and motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(b). *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("[A] party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56.") and *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir.

2003) ("[W]e conclude that a district court may not grant a motion to dismiss for failure to state a claim 'merely because a party failed to file a response.' ") (quoting *Reed*, 312 F.3d at 1194). Accordingly, the Court has considered the merits of Defendant's motion, and finds that Plaintiff has failed to establish that this Court may exercise personal jurisdiction over the Defendant.

Plaintiff has the burden of establishing personal jurisdiction. *See OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). "Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Plaintiff will avoid dismissal by presenting evidence—either uncontested allegations in its complaint or an affidavit or declaration—that if true would support jurisdiction over the defendant. *OMI Holdings*, 149 F.3d at 1091.

Plaintiff's claim herein arises under state law and Defendant removed this action citing the Court's diversity jurisdiction. Federal courts sitting in diversity have personal jurisdiction over nonresident defendants to the extent permitted by the law of the forum. *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988) (citations omitted). The Oklahoma long-arm statute extends the jurisdiction of Oklahoma courts as far as constitutionally permissible. Okla. Stat. tit. 12 § 2004(F).

Personal jurisdiction over Defendant is based on Defendant's contacts with Oklahoma. Contacts-based personal jurisdiction is either general or specific. *Old Republic*

*Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). General personal jurisdiction may be satisfied "based on the defendant's 'continuous and systematic' general business contacts with the forum state." *Trujillo v. Williams*, 465 F.3d 1210, 1218 n.7 (citing *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 415, (1984)). With regard to corporations, the Supreme Court has held that general personal jurisdiction is appropriate only where the corporation is "at home," that is, where it is incorporated or where it has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Courts have held that *Daimler* applies with equal force to limited liability companies. *See Frank v. PNK (Lake Charles) L.L.C.,* 947 F.3d 331, 227-38 (5th Cir. 2020); *Am. Guarantee & Liab. Ins. Co. v. Arch Ins.* Co., No. CV 17-582, 2017 WL 4842413, at *6 (W.D. Pa. Oct. 26, 2017); *Laufer v. Aark Hospitality Holding, LLC*, No. 20-5648 (RBK/WMW), 2021 WL 486902, *3 (D.N.J. Feb. 10, 2021); *Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020).

According to Defendant's submissions it is Delaware limited liability company with its principal place of business in Tennessee.  As a result, Defendant is not "at home" in Oklahoma and general personal jurisdiction is lacking.  The Court turns to specific personal jurisdiction.

The minimum contacts necessary for specific personal jurisdiction may be established where "the defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum." *In re Application to Enforce Administrative Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 418 (10th Cir.

1996) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). If sufficient minimum contacts exist, the Court must decide whether the assertion of personal jurisdiction "comports with fair play and substantial justice." *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1359 (10th Cir. 1990).

Again, because Plaintiff did not respond to Defendant's motion she has made no effort to show the Court how or why it has personal jurisdiction over the Defendant. Upon review of the Petition filed in state court the Court finds that it fails to establish the requisite "minimum contacts" between the Defendants and Oklahoma. According to a letter attached to Plaintiff's petition, Plaintiff signed her contract with Defendant and performed the work on its behalf in Texas, not Oklahoma. According to an email sent by Plaintiff to Defendant and attached to Defendant's motion, she relocated to Oklahoma December 18, 2020, her last day working for Defendant was December 11, 2020. (Doc. No. 5-3, p. 2). Plaintiff's allegations arise from Defendant's attempt to enforce a non-compete provision in her contract, a contract to be performed in Texas. Therefore, Defendant's contacts with Oklahoma in this case, limited to writing Plaintiff a letter to enforce the contractual provisions, are insufficient to confer personal jurisdiction.

Additionally, the contract between Plaintiff and Defendant contains a forum selection clause:

> This Agreement is deemed to have been made in Tennessee, and will be governed by the laws of the State of Tennessee without regard to its conflicts of law provisions. I hereby consent to, and waive any objection to, personal jurisdiction and venue in any state or federal courts sitting in or covering Davidson County, Tennessee, for the purpose of any action to construe or enforce this Agreement and/or to recover damages for the Company breach thereof. I agree that any dispute arising from this Agreement, including, but

4

not limited to, issues of breach, enforceability, damages, or modification, will be decided only in a state court sitting in or covering Davidson County, Tennessee, which I expressly agree is the exclusive venue for any such action.

Doc. No. 5-8, p. 31, ¶ 15. Defendant contends that dismissal is appropriate under the doctrine of forum *non conveniens*, because Davidson County, Tennessee is the only appropriate place for legal action related to the agreement.

"The doctrine of forum *non conveniens* permits a court to dismiss a case when an adequate alternative forum exists in a different judicial system and there is no mechanism by which the case may be transferred. *See* Charles Alan Wright et al., 14D Fed. Prac. & Proc. Juris. § 3828 (4th ed., Nov. 2018 update)" *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1091 (10th Cir. 2019). Ordinarily the Court would first consider whether the forum selection clause is contractually valid. Because forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances," *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992), Plaintiff's failure to respond leads the Court to conclude the clause is valid.

Additionally, Plaintiff agreed that a state court in Davidson County, Tennessee was the exclusive venue for such disputes.

[W]here venue is specified [in a forum selection clause] with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified [in a forum selection clause], the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.

5

*Elna Sefcovic*, *LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 673 (10th Cir. 2020)(quoting *K & V Sci. Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 499 (10th Cir. 2002)). Here the language is mandatory and speaks in terms of venue. Accordingly, even if the Court had personal jurisdiction over the Defendant, dismissal of this action under the doctrine of forum *non conveniens* would be appropriate.

For the reasons set forth herein, Defendant's Motion to Dismiss (Doc. No. 5) is hereby GRANTED.

IT IS SO ORDERED this 23rd day of February 2021.

*David L. Russell*

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**